## Baltimore & Ohio Southwestern Railroad Company v. Frank W. Ayers, administrator, etc.

1. Negligence—*what essential to recover in an action for damages charging.* In an action to recover in such a case it is essential that the plaintiff establish his due care at the time of the injury complained of.

Action on the case for death caused by alleged wrongful act.

B. & O. S. W. R. R. Co. v. Ayers.

Appeal from the Circuit Court of Marion County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the August term, 1904. Reversed with finding of facts. Opinion filed March 17, 1905.

L. M. KAGY and KRAMER, Kramer & Shaeffer, for appellant; Edward Barton, of counsel.

J. J. SCHOOLFIELD, W. F. BUNDY and FRANK F. NOLEMAN, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This suit was brought under the statute by appellee, as administrator of the estate of Samuel W. Ayers, deceased, to recover damages for the death of his intestate, claimed to have been caused by the negligence of the appellant.

The declaration consisted of three counts. The first charged that while said Ayers, with due care, was attempting to cross Main street in the village of Iuka he was struck and killed by a locomotive and train which appellant negligently ran over and across said street crossing at a high and dangerous rate of speed; that the approach of the locomotive and train was obscured to persons on the south side of the track at that point by a long passenger train on a side track south of the main track. The second count charged appellant with wilfulness and the third charged the violation of a village ordinance, limiting the rate of speed of passenger trains to ten miles an hour. A plea of not guilty was filed and the trial resulted in a verdict and judgment in favor of appellee for $200. The court instructed the jury in case they found for appellee, but not upon all of the counts, in the declaration, to state the count or counts upon which they found the defendant guilty and in their verdict they stated they found the defendant guilty upon the first count.

Appellant operates a railroad from East St. Louis, Illinois, to and beyond the eastern border of the state. At the time of the injury, it was operating two fast passenger

trains that passed each other about 11 o'clock A. M. at Iuka, in Marion county. Iuka is an incorporated village of 400 or 500 inhabitants. Appellant's tracks and right of way pass through the center of the village, running east and west. On each side of the right of way are public streets, and along these streets are stores and other places of business. In going from one side of the town to the other, people necessarily have to cross the railroad tracks. Main street runs north and south crossing appellant's tracks at right angles. It has a sidewalk along its east side crossing over the right of way. North of the track and just east of Main street is the depot. At this point appellant has three tracks, the main track on the north, the passing track 10 to 15 feet south of it and what is known as the house track still further south. Samuel W. Ayers, appellee's intestate, was 81 years of age. He was feeble and tottering, so that he could not walk well and his hearing was poor. He was living at his son's home in the village north of the tracks and in the absence of the son, went on errands and rendered some small services to his wife. For many years he had received aid from the public authorities.

On the morning of December 11, 1901, he was south of the railroad track on the sidewalk on the east side of Main street making his way north across the tracks towards the station. The west-bound mail train had just passed on the passing track and was then going slowly a little west of Main street. The east-bound train, which was not scheduled to stop at Iuka, was coming at a speed of from 35 to 40 miles an hour on the main track. When first noticed the old man was about 20 feet south of the passing track and the east-bound train was several hundred feet west of Main street. A number of persons saw him approach the track, and one of them, the witness Hinderer, fearing he might be injured, shouted to two men standing on the depot platform, directing them to attract his attention to the approaching train. The two men on the platform then called out to him to attract his attention to the train. He appeared at first not to hear them but when he

reached the passing track and was upon the same, he looked at them and then at the approaching train and then as if trying to beat the train, started hurriedly across the track in front of it. The engineer who had given the customary station, road crossing and order board signals in approaching the station, saw him when about three hundred feet away and gave danger whistles and applied the brakes. The efforts of the engineer, however, were without avail to save deceased as were also the efforts of those who called to him, and he was struck by the engine upon the crossing and killed. The train could be seen from the point where deceased was standing at the time he looked towards it.

To entitle appellee to recover under the first count of the declaration, which was the one upon which the verdict was found by the jury, it was necessary for him not only to prove the negligence charged on the part of appellant as the proximate cause of the injury, but also to show by a preponderance of the evidence, that at the same time deceased was in the exercise of ordinary care and caution for his own safety. I. C. R. R. Co. v. Batson, 81 Ill. App. 142, and cases there cited.

Appellee on the trial failed to prove that deceased was exercising such care and caution for his own safety. The evidence shows without contradiction not only that the customary signals were given by the engineer in approaching the station, but that deceased received actual notice of the approaching train, heard the warning and looked at the train from a position of safety, but that he negligently, if not recklessly, tried to pass in front of it and was killed.

The judgment of the court below will be reversed.

*Reversed with finding of facts.*

Finding of facts, to be incorporated in the judgment of the court:

We find that deceased, Samuel W. Ayers, at the time he was killed was not in the exercise of ordinary care for his own safety, and that his failure to exercise such care contributed to bring about the injury which caused his death.